ON the fifteenth day of December 1882, OLIVER WENDELL
HOLMES, JR., Esquire, of Boston, was appointed a justice of this
court, in place of Mr. Justice LORD, resigned, and took his seat
on the bench on the third day of January 1883, at the term of
the court then held at Boston in the county of Suffolk.

---

### JOHN C. WOLCOTT *vs.* DWIGHT FRISSELL.

Berkshire.    September 14, 1881; January 3. — 8, 1883.

Under the U. S. Rev. Sts. §§ 4785, 4786, 5485, or the U. S. St. of June 20, 1878, an
attorney, who has received the fee therein prescribed for services in procuring
a pension, is not entitled to maintain an action, against a person other than the
pensioner, for a larger fee, upon an alleged promise of such person to pay him
for his services as much as they were reasonably worth, there being no agree-
ment in writing as to the amount to be paid him for his services.

CONTRACT upon an account annexed for $25, for services in
procuring a pension for one Belinda French.

At the trial in the Superior Court, before *Pitman*, J., it ap-
peared that the plaintiff was the attorney of record who prepared
the papers and rendered the necessary services in procuring a

VOL. XX.                    1

pension from the United States government for Belinda French; and that the plaintiff had, upon the obtaining of such a pension, received a fee of $10, through the pension agent at Boston, as allowed by the department.

The plaintiff offered evidence tending to prove that he was originally employed by the defendant to procure such pension; and that the defendant promised to pay him for such services as much as they were reasonably worth. It was admitted that there was no agreement in writing between the plaintiff and the defendant, or with the pensioner or any other person, as to the amount to be paid the plaintiff for his services.

The defendant contended that the provisions of the U. S. Rev. Sts. §§ 4785, 4786, 4768, 4769 and 5485 barred the claim of the plaintiff. The plaintiff contended that, if his contract was made with the defendant, and not with the pensioner, these provisions of the statutes had no application to his case. But the judge ruled otherwise; and instructed the jury that the plaintiff could recover nothing, having already received the fee prescribed by law for such services.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. C. Wolcott*, pro se.

*E. M. Wood*, for the defendant.

FIELD, J. It does not distinctly appear in the exceptions when the alleged contract was made, or when the services in procuring the pension were rendered, or when the claim for the pension was filed, but it is assumed that the time in each case was after the passage of the Revised Statutes of the United States. The defendant contends that §§ 4785, 4786, 4768, 4769 and 5485 of those statutes prohibit the plaintiff from receiving from any person for his services in securing a pension a greater sum than ten dollars, where no agreement " setting forth the fee agreed upon " has been executed by the parties and filed with the commissioner of pensions; and that, as the plaintiff has already received this sum, he can recover nothing, for services in procuring a pension, in this action. The plaintiff contends that these provisions of the statutes do not apply to a contract for services in procuring a pension made with another person than the pensioner.

It is not disputed that it is within the power of the Congress of the United States, in granting pensions, to establish by statute the maximum amount which any person may receive for services in procuring a pension; and that any person who, after the passage of such statutes, renders such services, can recover only the compensation thus established. The dispute is upon the construction of the statutes. The principal object of these provisions of the statutes undoubtedly was to prevent oppressive charges, by determining the amount which should be received by attorneys for services in procuring pensions; and, for the security of the attorney, the amount was made payable to him directly out of the pension; but if attorneys were at liberty to make contracts for additional fees with third persons, this object of the law might in a great measure be evaded.

The money paid by third persons, even if it were not paid at the request of the pensioners, or if paid at their request, even if it were held that, by reason of the statute, no legal obligation rested on them to repay it, would in fact often be repaid by them to satisfy the moral obligation arising from an acceptance of the services. Whatever may be thought of the policy of establishing statutory fees for services that are not compulsory, such statutes, to be effectual in completely protecting the persons for whom the services are rendered, must prohibit all other compensation than that established by law, and thus compel persons either to receive only the statutory compensation or to abandon the business of rendering the service. It is provided by § 4786, that, if " no agreement is filed with and approved by the commissioner as herein provided, the fee shall be ten dollars and no more;" by § 4785, that "no agent or attorney or other person shall demand or receive any other compensation for his services in prosecuting a claim for pension or bounty land than such as the commissioner of pensions shall direct to be paid to him, not exceeding twenty-five dollars;" and § 5485 declares guilty of a misdemeanor "any agent or attorney, or any other person instrumental in prosecuting any claim for pension or bounty land, who shall directly or indirectly contract for, demand, or receive or retain any greater compensation for his services, or instrumentality in prosecuting a claim for pension or bounty land than is provided in the title pertaining to pensions."

We think that it was the intention of Congress, by these provisions, to prohibit the receiving from any person whatever any compensation for services in procuring a pension, other or greater than that provided by the statutes.

If the claim for this pension was not filed, or if the plaintiff did not appear as agent or attorney therein until after the passage of the act of Congress of June 20th, 1878, entitled " An act relating to claim agents and attorneys in pension cases," and the plaintiff is thus brought within the provisions of this act, the result is the same, because the first section of the act makes it unlawful " for any attorney, agent or other person to demand or receive for his services in a pension case a greater sum than ten dollars," although the act repeals § 4785 of the Revised Statutes, and provides that §§ 4768, 4769 and 4786 of the Revised Statutes " shall not apply to any case or claim hereafter filed, nor to any pending claim in which the claimant has not been represented by an agent or attorney prior to the passage of this act."                                    *Exceptions overruled.*