ROBERT B. CAVERLY *vs.* MARY C. ROBBINS.

Middlesex. January 29, 1889. — March 2, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*United States Pension — Fee of Applicant's Attorney.*

The U. S. St. of June 20, 1878, and the U. S. St. of July 4, 1884, prescribing the fees of attorneys or agents for services in procuring pensions, are not limited to such as are recognized or known to the commissioner of pensions as attorneys or agents of applicants for pensions.

CONTRACT upon an account annexed, for $162, for services in procuring a pension for the defendant. Trial in the Superior Court, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows.

Before this action was brought, the defendant had recovered a pension from the United States government, and in obtaining it had induced the plaintiff to do her clerical work, such as the drafting of depositions, etc., which she sent to the pension department under her own name. The plaintiff also had represented her before a commissioner appointed by the pension department in the taking of testimony, and had received for her, through his box at the post-office, communications from the department relating to the pension, and had written for her a large number of letters pertaining thereto, the defendant having, at the time of the plaintiff's service, no agent or attorney known as such at said department at Washington, and had advised her as to the different things to be done in the proper presentation of her claim. It was not pretended that the plaintiff was known or recognized at the department in Washington as a pension agent in this case, or that he had in any way connected himself with the pension department in this matter, the business there having been done solely by written communications by the defendant, his name not appearing on any of the papers there.

The defendant did not controvert the items of the plaintiff's account, otherwise than by contending that the U. S. St. of June 20, 1878, and other pension statutes, prescribed the amount the plaintiff could recover for his services.

The plaintiff asked the judge to instruct the jury as follows: " 1. That this action is brought to recover an account for the professional services of a lawyer under the laws of Massachusetts, and not under any law of the United States.  2. In support of it he has offered evidence tending to prove all the items of his account, which, if believed, plaintiff is entitled to recover for the full amount of his claim, unless the United States statutes which defendant's attorneys have set up in the answer can come in here in bar of said claim. . . . . 4. That it is not pretended that plaintiff was a pension agent in any of these matters, and I charge you that the rules as found in the pension statutes referred to in defendant's answer are not to be regarded by the jury as having anything to do with this case."

The judge refused so to instruct, but instructed the jury as follows: " The rule of law applicable to this case is, that a person rendering service is entitled to a reasonable compensation therefor, except so far as it may be modified by statutes of the United States applicable to services rendered in a pension case, or in presenting a claim for a pension.  As to services in pension cases, the statute in force at the time the defendant applied to the plaintiff for his assistance forbids any attorney, agent, or other person demanding or receiving for his services in a pension case a greater sum than ten dollars.  The statute in effect at the time the pension certificate was granted provided that ' no agent or attorney or other person shall demand or receive any other compensation for his services in prosecuting a claim for a pension than such as the commissioner of pensions shall direct to be paid to him, not exceeding twenty-five dollars.' And it was further provided, that, in the absence of any agreement in writing filed with the commissioner of pensions, the fee allowed should be ten dollars and no more.  These provisions of law prevailed and were controlling here in those cases included in that language.  If the jury find that any of the services rendered by the plaintiff to the defendant were within the descriptive language of said statutes relating to services, the plaintiff cannot recover more than ten dollars for such portion of his claim."

The jury returned a verdict for the plaintiff in the sum of $10.25; and the plaintiff alleged exceptions to the above ruling.

*J. L. Hunt*, for the plaintiff.

*G. A. A. Pevey & C. S. Lilley*, (*G. W. Poore* with them,) for the defendant.

FIELD, J.   The question of law raised by these exceptions seems to be whether, if the plaintiff, as an attorney at law, rendered services to the defendant in Massachusetts in procuring a pension for her from the United States, and if he was not known or recognized by the commissioner of pensions as a pension agent, and had in no way connected himself with the pension office, the amount of his fees for such services is to be determined by the statutes of the United States, or by what a jury may think they were reasonably worth.

The statute of the United States in force when the services were rendered was either the U. S. St. of June 20, 1878, 20 U. S. Sts. at Large, 243, or the U. S. St. of July 4, 1884, 23 U. S. Sts. at Large, 98.   The latter statute, in § 4, makes it an offence punishable by fine or imprisonment, or both, for "any agent or attorney or other person instrumental in prosecuting any claim for pension" directly or indirectly to demand or receive "any greater compensation for his services or instrumentality in prosecuting a claim for pension . . . than is herein provided"; and the provision of the statute for compensation is, "In all cases where application is made for pension, . . . and no agreement is filed with the commissioner as herein provided, the fee shall be ten dollars and no more."   The former statute is, "It shall be unlawful for any attorney, agent or other person to demand or receive for his services in a pension case a greater sum than ten dollars."

It is plain that these statutes are not limited to persons who are recognized or known to the commissioner of pensions as attorneys or agents of applicants for pensions.   If the plaintiff's services were such as these statutes were intended to provide for, they determine the amount of the compensation he is entitled to receive.   *Wolcott* v. *Frissell*, 134 Mass. 1.

*Exceptions overruled.*